THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| LEXJET, LLC,<br>ABAQA, LLC, and<br>BRAND MANAGEMENT GROUP, LLC, | ) | |
| Plaintiffs, | ) | Court No. 26-cv-03150 |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

Plaintiffs Lexjet, LLC, Abaqa, LLC, and Brand Management Group, LLC ("Plaintiffs"), by and through the undersigned counsel, oppose the Partial Consent Motion submitted by proposed defendant-intervenor, Ecker Textiles LLC ("Ecker"), with respect to 100 percent polyester print canvas. Ecker seeks intervention as of right in this case under Court of International Trade Rule 24(a) and 28 U.S.C. § 2631(j)(1)(B).

In its motion, Ecker stated that it is a manufacturer of 100 percent polyester print canvas. However, this assertion is clearly false as shown in Plaintiffs' complaint. *See* Document 2, "Complaint and Demand for Jury Trial" (Jun. 27, 2026) ("Complaint") at 9-11. Furthermore, Lexjet also demonstrated that Ecker and Tara Materials Inc ("Tara"), the petitioner, have had and have a lack of interest in producing 100% polyester print canvas and have expressed their intent and interest as such. *Id*. at 6-11. Thus, concerning 100% polyester print canvas, Ecker does not benefit from the remedy the antidumping duty and Ecker does not have a particular interest in supporting the determination not to initiate a changed circumstances review as a party before the Court. Also concerning the 100%

polyester print canvas Ecker, would not be adversely affected or aggrieved by a decision in Plaintiffs' favor.

"Pursuant to U.S. Court of International Trade Rule 24(a), '[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute.' 28 U.S.C. § 2631(j)(1) provides that Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that ... in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right. Id. (emphases supplied). … 28 U.S.C. § 2631(k) specifies that "interested party" has the meaning given in 19 U.S.C. § 1677(9), which includes (C) a manufacturer, producer, or wholesaler in the United States of a domestic like product…". *Kemper AIP Metals, LLC and Waelzholz Brasmetal Laminação Ltd*, Court No. 26-00762, Slip Op. 26-86, *6 (Ct. Int'l Trade Aug 7, 2026). However, as asserted, Ecker is not a manufacturer/producer of 100 percent polyester print canvas. *See* Citrosuco Paulista, SA v. US, 12 CIT 1196, 704 F. Supp. 1075, 1082 (Ct. Int'l Trade 1988) where a voluntary cooperative marketing association was not an interested party because its members produced round oranges but not frozen concentrated orange juice. Although 100 percent polyester print canvas was mistakenly not carved out of the original antidumping case because of false statements/omissions by Tara and although Ecker is a producer/manufacturer of 100 percent cotton and cotton/polyester blend print canvas, Ecker is not an interested party of 100 percent polyester print canvas. Thus, Ecker does not

meet the statutory criteria for intervention as of right and should be prevented from making any claims regarding 100 percent polyester print canvas.

Respectfully submitted,
/s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
Attorney for Plaintiffs LEXJET, LLC, ABAQA, LLC, and BRAND MANAGEMENT GROUP, LLC

Date: August 17, 2026